**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | Case No. 4:24-cv-00340-SEP |
| | ) | |
| R.G. APEL DEVELOPMENT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are Defendants' motions to dismiss.  Docs. [18], [20].  The motions are fully briefed and ready for disposition.  *See* Docs. [19], [21], [22], [23], [32], [33].  For the reasons set forth below, the motions are denied.

**FACTS AND BACKGROUND[1]**

On March 15, 2018, Defendants Marvin Dufner and Rene Dufner filed a lawsuit against Defendant R.G. Apel for events arising out of the construction of the Dufners' home ("Prior Lawsuit").  Docs. [1] ¶ 7; [1-2].  The Dufners brought four counts:  Count 1 – Breach of Contract (Defective Stonework), Count 2 – Breach of Contract (Defective Concrete Driveway), Count 3 – Breach of Contract (Defective Waterproofing), and Count 4 – Negligence.  *See* Doc. [1-2].  According to Plaintiff Selective Insurance, the tender of the prior lawsuit was Plaintiff's first notice of any claim against Apel.  Doc. [1] ¶ 8.  The parties litigated for four years, and the case was set for trial on December 19, 2022.  *Id*. ¶ 9.  On December 9, 2022, the Dufners dismissed the case without prejudice.  *Id*.  The Dufners then refiled the lawsuit on July 17, 2023 ("Underlying Lawsuit").  *Id*. ¶ 10.  The new Petition alleges three counts against R.G. Apel:  Count 1 – Breach of Contract (Defective Stonework), Count 2 – Breach of Contract (Defective Concrete Driveway), and Count 3 – Violation of the MMPA.  *See* Doc. [1-1].  On March 5, 2024, Plaintiff filed this action seeking a declaration

---

[1] For purposes of the motions to dismiss, the Court takes the factual allegations in the Complaint, Doc. [1], to be true.  *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

that it does not owe a duty to defend or indemnify Defendant R.G. Apel in the Underlying
Lawsuit.

Defendants move to dismiss, asserting that Plaintiff's claim is barred by the statute
of limitations or laches.  *See* Docs. [19], [21].  In the alternative, Defendants argue that
Plaintiff's claim is not ripe.  *See* Docs. [19], [21].

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim
for "failure to state a claim upon which relief can be granted."  When ruling on a motion to
dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v.
FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable
inferences in favor of the nonmoving party," *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73
(8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)).
"As a general rule, 'the possible existence of a statute of limitations defense is not ordinarily
a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.'"
*Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (quoting *Jessie v. Potter*,
516 F.3d 709, 713 n.2 (8th Cir. 2008)).

Rule 12(b)(1) permits a party to move to dismiss a claim for lack of subject matter
jurisdiction.  "In order to properly dismiss for lack of subject matter jurisdiction under Rule
12(b)(1), the complaint must be successfully challenged on its face or on the factual
truthfulness of its averments."  *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing
*Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).  In a factual challenge, the
defendant challenges the factual truthfulness of the assertions, and the Court may consider
matters outside the pleadings.  *Osborn*, 918 F.2d at 729.  "In a facial challenge to
jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true
and the motion is successful if the plaintiff fails to allege an element necessary for subject
matter jurisdiction."  *Titus*, 4 F.3d at 593.

### DISCUSSION

I.     <u>The Complaint does not establish a statute of limitations defense.</u>

Under Missouri law, the insurer's duty to defend "arises only when there is a
potential or possible liability to pay based on the facts at the outset of the case."  *Allen v.
Continental Western Ins. Co.*, 436 S.W.3d 548, 552 (Mo. 2014) (citation modified).  "[T]he

2

insurer's duty to defend arises only from potential coverage based on facts: (1) alleged in
the petition; (2) the insurer knows at the outset of the case; or (3) that are reasonably
apparent to the insurer at the outset of the case." *Id.* at 553.  "To extricate itself from a duty
to defend the insured, the insurance company must prove that there is *no possibility* of
coverage." *Truck Ins. Exch. v. Prairie Framing, LLC*, 162 S.W.3d 64, 79 (Mo. Ct. App. 2005).

Defendants argue that Plaintiff's declaratory judgment action is barred by a statute
of limitations.  Plaintiff alleges that the tender of the Prior Lawsuit on March 15, 2018, was
Plaintiff's first notice of a claim against R.G. Apel.  Doc. [1] ¶¶ 7, 8.  Because this lawsuit was
filed on March 5, 2024—more than five years thereafter—Defendants maintain that it is
barred under Mo. Ann. Stat. § 516.120(1).

Plaintiff disagrees,[2] arguing that the statute of limitations did not begin to run until
the Underlying Lawsuit was filed on July 17, 2023.  According to Plaintiff, "it is indisputable
that [the insurance company] could not eliminate all possibility of coverage at the time the
Dufners' lawsuit was first filed in 2018."[3]  Docs. [22] at 8; [23] at 7.  The Prior Lawsuit
included a negligence claim that does not appear in the Underlying Lawsuit, based on
allegations that have likewise been abandoned.  *Compare* Doc. [1-1], *with* Doc. [1-2].
Through "discovery and dispositive motion briefing in the 2018 iteration of the lawsuit,"
Plaintiff claims to have become aware of "details that materially alter[ed] the duty to
defend analysis."  Docs. [22] at 8; [23] at 8.  When the Dufners filed the Underlying Lawsuit
in 2023, Plaintiff claims there were facts "reasonably apparent" to it "at the outset of the
case" that eliminated all possibility of coverage.  *Allen*, 436 S.W.3d at 553.

In Missouri, "with respect to proceedings for a declaratory judgment, the statute of
limitations does not begin to run until an actual controversy has occurred." *Beavers v.
Recreation Ass'n of Lake Shore Estates, Inc.*, 130 S.W.3d 702, 716 (Mo. Ct. App. 2004)
(citation modified).  How Missouri applies that general principle in an action seeking
declaratory relief with respect to a duty to defend or duty to indemnify is unclear.  Neither

---

[2] Plaintiff also argues that the action is subject to Mo. Rev. Stat. § 516.110(1)'s ten-year statute of limitations.  Because Plaintiff's claim survives either way, the Court does not reach that issue.

[3] Neither Defendant has denied this claim.

the parties nor the Court has found any Missouri case directly on point.  In fact, it appears that very few cases have addressed the parties' exact issue in any jurisdiction.

In *Gibraltar Insurance Company v. Varkalis*, 46 Ill. 2d 481, 485 (Ill. 1970), the Illinois Supreme Court held that the plaintiff's declaratory cause of action accrued when plaintiff was "called upon to defend the conduct of its insured," not on the date of the wrongful death.  *Id.*  The Illinois Supreme Court explained:

> At the time of the accrual of the wrongful death action it was merely a matter of speculation as to whether such a controversy would ever arise.  Thus no one could say with any certainty on May 13, 1961, or for some time thereafter that any claim or action would ever be pursued on behalf of the estate of Veronica Varkalis so as to actualize the potential dispute as to coverage under the insurance policy.  To assert that a declaratory cause of action nonetheless arose in favor of the insurance company at that time fails to recognize this important realistic consideration.  *We believe that in cases where, as here, all determinative facts giving rise to the potential policy coverage dispute have occurred prior to the initial demand upon the insurance company, no actual controversy arises among the parties until such time as the issuing company is called upon to either pay or defend a claim on behalf of its insured under the terms of the policy in question.*

*Id*. (emphasis added).

In *Westport Insurance Corporation v. Stengel*, 571 F. Supp. 2d 737, 740 (E.D. Tex. 2005), a federal district court found that the insurance company's declaratory judgment action regarding its duty to defend accrued at the time the original petition in the underlying action was filed, because the original petition contained facts that put the insurance company on notice that certain exclusions of the policy applied.

Finally, in *Selective Way Insurance Company v. Hospitality Group Services, Inc.*, 119 A.3d 1035, 1038 (Pa. Super. Ct.  2015), the court held that "the statute of limitations for a declaratory judgment action brought by an insurance company regarding its duty to defend and indemnify begins to run when a cause of action for a declaratory judgment arises."  But "[u]ntil an insurance company has a sufficient factual basis to decline to defend (and thus, decline to indemnify) its insured in a third party's action, there is no justiciable controversy for the trial court to decide, and no cause of action for declaratory judgment."  *Id*. at 1050.  Thus, the court must "determine when the insurance company had a sufficient factual basis to support its contentions (as set forth in its complaint for declaratory judgment) that it has

4

no duty to defend or indemnify the insured." *Id*. at 1051. "[I]t is possible," the court explained, "for the insurance company to possess sufficient information at the time it receives a complaint to cause the statute of limitations to begin to run; or that may not occur until the case develops and the claim is winnowed down to a recovery the insurance company believes is not covered by the policy of insurance."[4] *Id.*

In *Gibraltar* and *Westport* , the insurance company could discern at the time of the initial filing a basis for seeking a declaration that it had no duty to defend. Here, assuming Plaintiff's allegations are true and granting all reasonable inferences in its favor, neither the petition nor any facts known to Plaintiff at the time of the filing of the Prior Lawsuit put Plaintiff on notice that it had no duty to defend. This case is thus unlike *Gibraltar* and *Westport* and instead falls into the category contemplated by *Selective Way*, in which an insurance company lacks a "sufficient factual basis to support its contention[ ] . . . that it has no duty to defend" at the time the original lawsuit was filed. 119 A.3d at 1051. Consistent with Missouri's statute of limitations doctrine and *Selective Way*, the Court finds that the cause of action for a declaratory judgment denying a duty to defend could not have accrued until Plaintiff was in possession of the facts that support its claim.

The Court may dismiss this case under Rule 12(b)(6) only if it is apparent on the face of the Complaint that the claim is time-barred. *See Joyce*, 635 F.3d at 367; *McClurg v. Mallinckrodt, Inc.*, 2015 WL 867455, at *5 (E.D. Mo. Feb. 27, 2015) (denying motions to dismiss because it was "not clear from the face of Plaintiffs' complaints when they first knew or reasonably should have known of either the cause of their injuries or the wrongful nature of their decedents' deaths"). Defendants may later argue with the benefit of a developed evidentiary record that the cause of action accrued earlier than the filing date of the Underlying Lawsuit, but there is no basis for that conclusion on the face of the

---

[4] *Selective Way*'s contemplation of the accrual of a cause of action based on facts gleaned in discovery does not contradict Missouri law mandating assessment of the duty to defend based on the facts that were known or reasonably ascertainable at the outset of the underlying lawsuit. *See Allen*, 436 S.W.3d at 553; *Trainwreck West Inc. v. Burlington Ins. Co.*, 235 S.W.3d 33, 39 (Mo. Ct. App. 2007) ("Thus, in reviewing whether a genuine issue of material fact exists regarding whether Burlington owed Trainwreck a duty to defend, we do not rely upon 'facts that emerged during discovery' and will examine only those facts known to or reasonably ascertainable by Burlington at the time Ms. Neff filed her Petition." (citing *Esicorp, Inc. v. Liberty Mut. Ins. Co.*, 193 F.3d 966, 969 (8th Cir. 1999)). The two doctrines impose distinct constraints:  one on when a company may file and the other on the substance of its claim.

Complaint.  From the Complaint, it is apparent only that Selective was in possession of the relevant facts on the date that it filed the Underlying Lawsuit, July 17, 2023.  Because July 17, 2023, is safely within even the narrower five-year statute of limitations, the case will not be dismissed under Rule 12(b)(6) on statute of limitations grounds.

## II.    The Complaint is not barred by laches.

Defendants also argue that the Complaint is barred by laches.  "Laches precludes a lawsuit when a plaintiff is guilty of unreasonable and unexcused delay in asserting his claim, resulting in prejudice to the defendant."  *Baker v. Baker*, 951 F.2d 922, 926 (8th Cir. 1991) (citing *Grieshaber v. Grieshaber*, 793 S.W.2d 161, 163 (Mo. Ct. App. 1990)).  "Mere delay does not of itself constitute laches, the delay must be unreasonable and unexplained and must be shown to have caused disadvantage and prejudice to the defendant."  *Id.* (quoting *Perez v. Missouri State Bd. of Registration for the Healing Arts*, 803 S.W.2d 160, 166 (Mo. Ct. App. 1991)).  In general, "the doctrine of laches will not bar a suit where the statute of limitation has not run as long as extraordinary facts do not warrant relief."  *Empiregas, Inc. of Palmyra v. Zinn*, 833 S.W.2d 449, 451 (Mo. Ct. App. 1992) (citing *State ex rel. Gen. Elec. Co. v. Gaertner*, 666 S.W.2d 764, 767 (Mo. 1984) (en banc)).  Because it is not apparent from the Complaint that Plaintiff's claim is barred by the statute of limitations and there are no extraordinary facts warranting relief, the Court declines to dismiss the Complaint on the basis of laches.

## III.    Plaintiff's claim is ripe.

Finally, Defendants argue that Plaintiff's claim is not ripe.  For the reasons set forth in *Certain Underwriters at Lloyd's, London v. CS&S Properties, LLC*, 2022 WL 103303, at *3-*4 (E.D. Mo. Jan. 11, 2022), the Court rejects that argument.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, Docs. [18], [20], are **DENIED**.

Dated this 21st day of August, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE